**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

ZULEYMA DEL CARMEN ARIAS
MOLINA; M.V.H.A.,

          Petitioners,

  v.

PAMELA BONDI, Attorney General,

          Respondent.

No. 23-3887

Agency Nos.
A208-447-376
A208-447-377

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2025[**]
Pasadena, California

Before: TALLMAN, IKUTA, and R. NELSON, Circuit Judges.

Zuleyma del Carmen Arias Molina and her minor daughter, M.V.H.A.,

natives and citizens of El Salvador, petition for review of a Board of Immigration

Appeals ("BIA") dismissal of their appeal of an Immigration Judge ("IJ") order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's finding that Petitioners' treatment in El Salvador does not amount to persecution for their asylum and withholding of removal applications.[1] The gang members who came to Petitioners' home asking for money did not threaten or physically harm them in doing so, and after Petitioner Arias Molina paid them $5, they never returned. Although the two anonymous callers that threatened Petitioner Arias Molina with extortion knew where she lived and that she had a daughter, those threats were not accompanied by physical harm and ceased after she changed her phone number for a second time. There is also no evidence that the telephonic threats and the in-person interaction were connected. These isolated, "unfulfilled threats," unaccompanied by physical harm, are not severe enough to constitute persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *accord Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021).

---

[1] The BIA expressed no opinion on the IJ's determination that Petitioners' proposed particular social group is not cognizable, and instead affirmed the IJ's decision because Petitioners failed to show past persecution or a "well-founded fear," let alone "clear probability," of future persecution. Because we affirm on those bases, we do not decide the cognizability of the proposed particular social group "members of the Arias Molina family targeted for extortion."

Further, Petitioners have not established a nexus between these incidents and a protected ground.

Petitioners' primary argument on appeal—that the BIA erred by not considering the emotional and psychological impact of the threats—is unexhausted and thus forfeited. *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023). Petitioners' brief before the BIA did not mention emotional or psychological harm, nor cite any facts, evidence, or testimony relating to such harm. Thus, the BIA was not "sufficiently on notice so that it had an opportunity" to review the argument. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (internal quotation marks and citations omitted); *see, e.g.*, *Smith v. Garland*, 103 F.4th 663, 669–71 (9th Cir. 2024); *Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021).

2. Substantial evidence supports the BIA's findings that Petitioners did not establish a "well-founded fear" of future persecution for their asylum applications, let alone "clear probability" of such harm for their withholding of removal applications. *See Sharma*, 9 F.4th at 1059–62. The record contains no evidence that the anonymous callers or any gang members have taken steps to locate or target Petitioners since they left El Salvador. Nor is there any evidence that Petitioners' family members in El Salvador have received threats directed at Petitioners. This lack of evidence supports the BIA's determination that Petitioners' fear is not "objectively reasonable." *See id.* at 1065–66. While Petitioners fear that upon return

to El Salvador the anonymous callers will harm them, Petitioner Arias Molina stated that she does not know where or who those potential threats would come from. The BIA correctly held that this "speculative fear" is not enough; Petitioners must show "credible, direct, and specific evidence in the record of facts" that would support an objectively reasonable fear of persecution based on a protected ground. *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (citation omitted).

3. Substantial evidence supports the BIA's finding that Petitioners' "speculative fear" of future harm unconnected to state action does not meet the standard for CAT protection. As the IJ stated and the BIA agreed, the lack of past torture "undercuts their claim of torture upon return." *Cf. Sharma*, 9 F.4th at 1067 (holding that, where petitioner's "past harm did not rise to the level of persecution, it necessarily falls short of the definition of torture"). Petitioners have thus failed to establish a fear of future torture.

On appeal, Petitioners argue that their treatment amounts to "emotional harm" that "reaches the level of torture." But as explained above, this argument is unexhausted because Petitioners' brief before the BIA did not cite any facts, evidence, or testimony relating to emotional or psychological harm. *See, e.g.*, *Smith*, 103 F.4th at 671–69; *Amaya*, 15 F.4th at 986. Petitioners also argue that the IJ and BIA failed to consider the country-conditions evidence, but that is not supported by the record. Both the IJ and the BIA discussed the dangerous conditions in El

Salvador and still concluded that Petitioners did not demonstrate a particularized risk of torture beyond the general risk that all El Salvadorians unfortunately face. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022).

**PETITION DENIED.**[2]

---

[2] The Motion to Stay Removal [Dkt. 2] is DENIED effective upon issuance of the mandate from this Court.

23-3887